J-A10006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KEVIN WILLIAMS A/K/A KIRBY STEWART | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN KERESTES | |
| Appellee | No. 1407 MDA 2014 |

Appeal from the Order Entered August 8, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004395-1999

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED APRIL 24, 2015**

Appellant, Kevin Williams a/k/a Kirby Stewart, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his *pro se* serial petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"),[1] which Appellant styled as a "*Praecipe* for Writ of *Habeas Corpus ad Subjiciendum*."  We affirm.

The relevant facts and procedural history of this case are as follows. On March 29, 2000, the court convicted Appellant of first-degree murder, in connection with Appellant's instruction to his associates to kill Victim in retaliation for Victim's theft of money and guns from a crack house maintained by Appellant.  The court sentenced Appellant on the day of his

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

conviction to life imprisonment. This Court affirmed Appellant's judgment of sentence on March 30, 2001, and our Supreme Court denied allowance of appeal on August 20, 2001. *See Commonwealth v. Stewart*, 777 A.2d 510 (Pa.Super. 2001), *appeal denied*, 566 Pa. 681, 784 A.2d 117 (2001). From 2001-2012, Appellant unsuccessfully litigated multiple PCRA petitions.

On December 26, 2013, Appellant filed the current *pro se* petition (styled as a petition for *habeas corpus* relief), as a civil action in the Lancaster County Court of Common Pleas. On February 10, 2014, the court entered an order stating that Appellant's current petition is actually a PCRA petition and transferring the petition to the Clerk of Courts. On August 8, 2014, the court denied PCRA relief.[2] Appellant timely filed a *pro se* notice of appeal on August 21, 2014. On September 11, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on September 26, 2014; Appellant filed a supplemental concise statement

---

[2] The record is unclear whether the court issued notice of its intent to dismiss Appellant's petition without a hearing, per Pa.R.Crim.P. 907. Appellant has not raised this issue on appeal, so he waived any defect in notice. *See Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim). Moreover, failure to issue Rule 907 notice is not reversible error where the petition is untimely. *Id. See also Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (2000) (indicating court's failure to provide notice of intent to dismiss without hearing does not warrant remand, where petition fails in all respects).

on October 27, 2014.[3]

     Appellant raises the following issues for our review:

> DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THAT PENNSYLVANIA'S [DEPARTMENT OF CORRECTIONS ("DOC")], HAS NO SENTENCING ORDER, THUS VIOLATING STATUTORY PROVISION[S] AT 37 PA. CODES § 91.3[;] 42 PA.C.S.A. § 9764, 42 PA.C.S.A. § 9762, TITLE 42 PA.C.S.A. § 9764(A)(8)[.]
>
> DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THAT APPELLANT'S "BILL OF INFORMATION" IS A GENERAL CHARGE OF 2501(a), THUS VIOLATING THE 14[TH] AMENDMENT OF THE UNITED STATES CONSTITUTION, VIOLATING DUE-PROCESS, FAILING TO GIVE APPELLANT "NOTICE" OF WHAT CHARGES TO DEFEND AGAINST AND THUS FINDING APPELLANT GUILTY OF 2502(a) AFTER TRIAL.
>
> DID THE [PCRA] COURT ERR IN ITS DECISION; IN SUSPENDING THE WRIT OF *HABEAS CORPUS*, KNOWING THAT THE ISSUES RAISED ARE NOT COGNIZABLE UNDER THE [PCRA].
>
> DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THAT APPELLANT WAS NEVER FORMALLY ARRAIGNED, ON A "CAPITAL OFFENSE" VIOLATED DUE-PROCESS [AND THE] 14[TH] AMENDMENT OF THE UNITED STATES CONSTITUTION....
>
> DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THAT THE COMMONWEALTH NEVER GAVE "NOTICE OF AGGRAVATING CIRCUMSTANCES" VIOLATING DUE PROCESS OF THE LAW [AND THE] 14[TH] AMENDMENT OF THE UNITED STATES CONSTITUTION, THUS VIOLATING PA.R.CRIM.P. 802.

---

[3] Notwithstanding our disposition, we would in any event decline to consider the issues raised in Appellant's supplemental concise statement, which he filed without leave of court.

DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THAT THERE IS NO "STATUTORY AUTHORIZATION" FOR A SENTENCE, THEN THAT SENTENCE IS ILLEGAL AND MUST BE VACATED AS A MATTER OF LAW, AND THE SENTENCE IS SUBJECT TO BE CORRECTED.

DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THAT THE COMMONWEALTH IS IN VIOLATION OF ACT OF JULY 5, 2012, NO. 122 § 3, AND CODIFIED AT 12 PA.C.S. § 9763.

DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THE RETURN ON A WRIT IS 42 PA.C.S. § 6504, THUS VIOLATING IT WITHOUT A HEARING, IS ABUSE OF JUDICIARY MISCONDUCT.

DID THE [PCRA] COURT ERR IN ITS DECISION; ON WHETHER THE SENTENCING COURT IMPOSED AN ILLEGAL SENTENCE IN VIOLATION OF [APPELLANT'S] SIXTH AMENDMENT RIGHTS BY INVOKING THE MANDATORY MINIMUM PROVISION OF 18 PA.C.S. § 6317, WHERE SUCH DETERMINATION WAS NOT DETERMINED OR FOUND TO BE PRESENT BY A JURY BEYOND A REASONABLE DOUBT. AND WHETHER A CHALLENGE TO A SENTENCE PURSUANT TO **ALLEYNE V. UNITED STATES**, ___ U.S. ___, 133 S.CT. 2151, 186 L.ED.2D 314 (2013) IMPLICATES THE LEGALITY OF THE SENTENCE AND IS NON-WAIVABLE.

DID THE [PCRA] COURT ERR IN ITS DECISION; KNOWING THAT THE PEOPLE INVOLVED IN [APPELLANT'S] CASE NEVER TOOK A[N] "OATH OF OFFICE" SO THEY WERE IMPERSONATING PUBLIC OFFICIALS, IN VIOLATION OF ARTICLE VI, SECTION (3) OF THE PENNSYLVANIA CONSTITUTION, WITHOUT [AN] OATH OF OFFICE.

DID THE [PCRA] COURT ERR IN ITS DECISION; TO BASE ITS RATIONALE TO DENY [APPELLANT'S] WRIT OF *HABEAS CORPUS AD SUBJICIENDUM*, WAS INHERENTLY BIAS—THE [PRESIDENT] JUDGE, JUDGE, [DISTRICT ATTORNEY] & [ASSISTANT DISTRICT ATTORNEY], HAVE ALL BENEFITTED FROM APPELLANT'S INCARCERATION. THESE ACTORS WERE OPERATING UNDER THE GUISE OF FRAUD ON THE COURT.

(Appellant's Brief at ii-iii).

Preliminarily, we observe that any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. ***See generally Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214 (1999); ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999); ***Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The writ of *habeas corpus* continues to exist as a separate remedy only if the claim raised is not cognizable under the PCRA. ***Peterkin, supra*** at 552, 722 A.2d at 640. ***See also Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004) (explaining petition for writ of *habeas corpus* will be deemed PCRA petition if it raises issues that are generally cognizable under PCRA); ***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa.Super. 2001) (stating "any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition"). When considering what types of claims fall within the ambit of the PCRA, "the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review." ***Commonwealth v. Hackett***, 598 Pa. 350, 363, 956 A.2d 978, 986 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). "Such narrow

construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not." *Id.* (internal citation omitted). *See also* 42 Pa.C.S.A. § 9543(a)(2) (describing claims eligible for relief under PCRA).

Additionally, the timeliness of a PCRA petition is a jurisdictional requisite. *Taylor, supra*. A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, even with the number and phrasing of the issues presented on appeal, Appellant's chief complaint is that the Department of Corrections lacks the original, signed sentencing order in Appellant's case. Appellant insists that absent the original sentencing order, there is no statutory authorization for his confinement, which renders his sentence illegal and entitles him to immediate release. Despite his effort to distance his current petition from the PCRA, Appellant's petition poses claims directly related to the PCRA statute; as presented, he challenges the legality of his conviction and sentence. ***See generally Commonwealth v. Fowler***, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral attack on legality of sentence must be raised in PCRA

- 7 -

petition); ***Guarrasi v. Scott***, 25 A.3d 394, 402 (Pa.Cmwlth. 2011) (stating plaintiff cannot use civil action to wage collateral attack on his criminal proceedings). Thus, the trial court properly treated Appellant's most recent prayer for collateral relief as a PCRA petition.[4] ***See Peterkin, supra***; ***Deaner, supra***.

---

[4] Appellant challenges the lack of the original sentencing order in his first, sixth, seventh, and twelfth (not listed in his statement of questions presented) issues on appeal. Appellant's third and eighth issues on appeal relate to Appellant's general complaint that the court should not have treated Appellant's petition as a PCRA petition. Appellant incorporates this argument into his twelfth issue as well. Appellant's second and fourth issues assert that the Commonwealth's decision to charge Appellant with murder generally was improper; Appellant avers the Commonwealth was required to charge him with first-degree murder (instead of murder generally) if Appellant could be convicted for that crime. Appellant attacks his conviction based on this alleged error by the Commonwealth. These claims also provide remedies available under the PCRA. ***See generally Hackett, supra*** (explaining appellant's collateral attack on underlying murder conviction falls within ambit of PCRA). Moreover, Appellant already litigated these issues in his first PCRA petition, so Appellant is ineligible for PCRA relief on his second and fourth appellate issues. ***See*** 42 Pa.C.S.A. § 9543(a)(3) (stating that to be eligible for PCRA relief, petitioner must plead and prove allegation of error has not been previously litigated). Appellant's fifth and ninth issues attack the legality of his sentence, claiming (respectively) that the Commonwealth failed to notify Appellant of aggravating circumstances in his case; and imposed an improper mandatory minimum sentence. Thus, these claims fall under the purview of the PCRA. ***See Peterkin, supra***; ***Fowler, supra***; ***Deaner, supra***. Finally, Appellant's tenth and eleventh appellate issues baldly assert, *inter alia*, that the judges, district attorneys, and assistant district attorneys involved with his case violated their respective oaths of office, conspired to violate Appellant's due process rights, and impersonated public officials. Appellant states he discovered these alleged improprieties in 2014. These claims likewise provide remedies available under the PCRA. ***See generally*** 42 Pa.C.S.A. § 9543(a)(2)(i) (explaining PCRA provides relief where petitioner pleads and proves that conviction or sentence resulted from violation of Constitution of this Commonwealth or Constitution or laws of

*(Footnote Continued Next Page)*

Further, although challenges to the legality of a conviction and/or sentence are subject to review within the PCRA, a petition asserting those claims must still first satisfy the PCRA's time limits or demonstrate the application of a statutory timeliness exception. *Fowler, supra* at 592. Here, our Supreme Court denied allowance of appeal from the judgment of sentence on August 20, 2001. Appellant did not seek further direct review. Therefore, his judgment of sentence became final on November 18, 2001, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13 (allowing ninety (90) days to file petition for writ of *certiorari*). Appellant filed the current, *pro se* serial petition for collateral relief on December 26, 2013, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

In his effort to keep his current petition outside the PCRA, Appellant did not plead or prove any of the statutory exceptions required to revive an otherwise untimely PCRA petition.[5] *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii);

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

United States which, in circumstances of particular case, so undermined truth-determining process that no reliable adjudication of guilt or innocence could have taken place).

[5] To the extent Appellant attempts to invoke the "new constitutional right" exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) (in connection with his ninth issue on appeal), Appellant's reliance on *Alleyne* does not afford relief. In *Alleyne*, the United States Supreme Court held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. *See Alleyne, supra*. Recently in *Commonwealth v. Newman*, 99

*(Footnote Continued Next Page)*

***Gamboa-Taylor, supra***. Thus, Appellant's petition remains a patently untimely PCRA petition, and the court properly dismissed it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015

*(Footnote Continued)* _____

A.3d 86 (Pa.Super. 2014) (*en banc*), this Court made clear that ***Alleyne*** is subject to limited retroactivity; in other words, ***Alleyne*** is applicable only to criminal cases **still pending on direct review**. ***Id.*** at 90. ***Alleyne*** does not apply retroactively, however, to cases where the judgment of sentence has already become final. ***Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (explaining neither our Supreme Court nor United States Supreme Court has held that ***Alleyne*** applies retroactively, which is fatal to appellant's attempt to invoke exception to PCRA's time-bar). Here, Appellant's judgment of sentence became final on November 18, 2001. The Supreme Court decided ***Alleyne*** on June 17, 2013. Appellant's judgment of sentence was already final before ***Alleyne*** was decided. Appellant also did not comply the sixty-day rule. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***Gamboa-Taylor, supra***. Moreover, Appellant claims the court imposed the mandatory minimum sentence under 18 Pa.C.S.A. § 6317 (requiring imposition of mandatory minimum sentence where defendant committed drug offense in school zone). Appellant's sentence resulted from his conviction for first-degree murder; the court did not impose a mandatory minimum sentence under Section 6317. Thus, even if ***Alleyne*** applied retroactively, and Appellant had met the sixty-day rule, ***Alleyne*** would not afford Appellant relief.